IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| INDEPENDENT INVESTMENT BANKERS, CORP.,<br>*Plaintiff*<br><br>v.<br><br>NEW ECONOMY FUNDING SOLUTIONS, LLC,<br>*Defendant* | §<br>§<br>§<br>§   Case No. 1:19-CV-1144-RP<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Motion for Default Judgment (Dkt. 11); Defendant's Motion to Deny Default Judgment and Set Aside Entry of Default (Dkt. 14); Plaintiff's Response in Opposition to Defendant's Motion to Set Aside Default (Dkt. 15); and Defendant's Reply (Dkt. 17). The District Court referred the Motions and related filings to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I.   Background

Plaintiff Independent Investment Bankers Corporation filed suit on November 22, 2019, against Defendant New Economy Funding Solutions, LLC, asserting breach of contract and account stated claims arising from a loan agreement the parties entered into on March 24, 2018. Dkt. 1. Plaintiff alleges that Defendant has not made any required monthly payments since March 2019 and, as of the date Plaintiff filed its Complaint, owed a balance of $170,999.99. *Id.* ¶¶ 14-15.

Plaintiff served Defendant's registered agent with process on December 11, 2019. Dkt. 6. Defendant did not make a timely appearance. Plaintiff filed a Motion for Entry of Default on January 7, 2020, the clerk entered a default on January 8, 2020, and Plaintiff filed its Motion for Default Judgment on January 13, 2020. Dkts. 8-9, 11. On February 14, 2020, Defendant filed its Motion to Set Aside Entry of Default, arguing that "there is good cause to set aside and/or vacate the default and to proceed to try the cause on its merits." Dkt. 14 at 2.

The Court addresses Defendant's motion to set aside the entry of default first. *See, e.g.*, *THD Partners, LLC v. JAG Res., Inc.*, No. A-16-CV-849-LY, 2018 WL 3000546, at *3 (W.D. Tex. June 15, 2018), *report and recommendation adopted*, 2018 WL 4343428 (W.D. Tex. July 31, 2018) ("If a court finds good cause to set aside a Clerk's entry of default, default judgment is automatically without foundation and any motion for such must be denied.").

## II.    Legal Standard

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for good cause. This decision is committed to the sound discretion of the trial court, and "necessarily is informed by equitable principles." *In re Dierschke*, 975 F.2d 181, 183-84 (5th Cir. 1992). Courts consider three factors to determine whether good cause exists to set aside an entry of default: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). These factors are not exclusive, and courts may consider other circumstances, such as whether the party acted expeditiously to correct the default. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).

"[C]ourts universally favor trial on the merits." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015). "Unless it appears that no injustice results from the default, relief should be granted." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018),

*cert. denied*, 140 S. Ct. 121 (2019); *see also In re OCA, Inc.*, 551 F.3d 359, 371 (5th Cir. 2008) ("In light of the general disfavor of default judgments, where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.") (internal quotation marks omitted).

### III.   Analysis

Defendant argues that there is good cause to set aside the entry of default because its default was not willful, setting aside the default will not prejudice Plaintiff, and it has a meritorious defense to Plaintiff's claims. Defendant further contends that it acted expeditiously to correct the default.

### A. Defendant's Default Was Not Willful

Defendant acknowledges that its responsive pleading was due by January 2, 2020, but contends that its failure to answer was due to a mistake or accident. Defendant explains that after Plaintiff completed service on its registered agent in Norfolk, Virginia, the agent mailed the summons and complaint to Edward Chen, Defendant's CEO, at his office in Atlanta, Georgia. Defendant alleges that the summons arrived in Atlanta while Chen was on vacation, and that Chen was not aware of the summons until he returned to his office on January 2, 2020. The next day, Chen sent a letter to the Court, with a copy to Plaintiff's counsel, explaining that the delay in responding to the Complaint was unintentional, and that Defendant intended to find an attorney to prepare a responsive pleading. Defendant filed its Motion to Set Aside Entry of Default two days after engaging counsel. *See* Dkt. 14 at 1, 6; Dkt. 17 at 2.

Plaintiff argues that Defendant's default was willful, and that Chen has a "long history of ignoring the Plaintiff and his obligations under the contract that he signed on behalf of the Defendant [ ] and its obligations under the Federal Rules of Civil Procedure." Dkt. 15 at 3. Plaintiff contends that Defendant "made no attempt to contact Counsel for Plaintiff until February 11, 2020 when Mr. Chen left a message with Counsel's office indicating he wanted to talk about an extension of

3

time,"[1] and that Defendant's default became willful based on the passage of time and lack of communication with Plaintiff and the Court. *Id.*

There is nothing in the record to indicate that Defendant's failure to respond was willful, and the Court finds that it was not. This consideration weighs in favor of finding good cause to set aside the entry of default.

### B.  Setting Aside the Default Will Not Prejudice Plaintiff

Defendant contends that setting aside the default will not prejudice Plaintiff, correctly arguing that "mere delay does not alone constitute prejudice." *Lacy*, 227 F.3d at 293. Plaintiff does not address the issue of prejudice in its response to Defendant's motion. When a plaintiff has not presented a legitimate claim of prejudice that would arise from setting aside a default, "any doubt should, as a general proposition, be resolved in favor of [the defendant] to the end of securing a trial upon the merits." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008). The Court finds that Plaintiff will not suffer prejudice by setting aside the entry of default.

### C.  Defendant Has Presented a Meritorious Defense

The third factor is whether a meritorious defense exists. "In determining whether a meritorious defense exists, the underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *OCA*, 551 F.3d at 373 (cleaned up). In deciding whether a defense is meritorious, the Court considers not "whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Jenkens*, 542 F.3d at 122.

---

[1] Plaintiff does not deny that he received a copy of Chen's letter. Defendant submitted tracking information indicating that the letter was delivered to Plaintiff's counsel on January 6, 2020, the day before Plaintiff filed its motion for entry of default. Dkt. 14-1 at 6.

Defendant contends that it has a meritorious defense: evidence that Defendant has "already remitted substantially more monies to [Plaintiff] than is due under the contract." Dkt. 14 at 6. Plaintiff responds that Defendant's contention is "specious at best" because Defendant waited nearly a year to indicate that it disputes the past-due monthly invoices, and now claims that it has made payment in full. Dkt. 15 at 3.

Defendant's contention that Plaintiff's damages calculation is incorrect constitutes a meritorious defense. *See OCA*, 551 F.3d at 373 (finding that the court "cannot say that the record could not support a finding" that debtor had a meritorious defense where he disputed the amount owed). Accordingly, this factor weighs in favor of setting aside the entry of default.

**D.  Expeditious Action to Correct the Default**

Defendant also maintains that Chen's January 2, 2020 letter to Plaintiff and the Court and its hiring of outside counsel demonstrate that it acted expeditiously to correct its failure to answer. Defendant states that it "was unexpectedly delayed in finding representation" due "in part to holiday delays, and due in part to interviewing counsel." Dkt. 14 at 6. Defendant further explains that it talked with "at least one firm which eventually declined to represent [it] in the present matter, and was finally referred to present legal counsel on February 10, 2020." Dkt. 17 at 2.

Plaintiff admits that Chen contacted its counsel on February 11, 2020, seeking an extension of time. Dkt. 15 at 3. Plaintiff argues, however, that Defendant's six-week delay in hiring counsel and filing a response was willful and thus inexcusable. *Id*.

The undersigned is not persuaded that Defendant acted expeditiously to obtain counsel. *See, e.g.*, *Roper v. Abbott*, No. 7:11-cv-00031-O, 2013 WL 12290262, at *6 n.2 (N.D. Tex. May 8, 2013) (collecting cases showing that courts typically find defendant acted expeditiously by taking corrective action "within a couple of days or weeks"). Any such failure here, however, was not lengthy enough to outweigh the three most salient factors favoring setting aside entry of default.

5

*Cf. Windsor Worldwide Grp., Inc. v. Veho UK Ltd.*, No. 4:17-CV-329, 2017 WL 4551363, at *2 (S.D. Tex. Oct. 12, 2017) (finding two-month delay between notice and motion "not long enough to make this case an exception to the Fifth Circuit's stated policy of favoring trials over defaults").

### E.  Conclusion

Based on the foregoing, there is good cause to set aside the entry of default. Defendant's failure to act was not willful, setting aside the default will not prejudice Plaintiff, and Defendant has presented a meritorious defense. Accordingly, the Court recommends that Defendant's Motion to Set Aside Entry of Default should be granted.

Because the Court recommends that the District Court grant Defendant's Motion to Set Aside Entry of Default, Plaintiff's Motion for Default Judgment should be denied as moot.

Finally, the undersigned notes with disapproval that both parties have delayed this matter by engaging in unnecessary motion practice. First, as explained above, on January 6, 2020, Plaintiff's counsel apparently received a letter from Defendant's principal indicating that Defendant had just become aware of the Complaint and was attempting to hire an attorney. The next day, on January 7, 2020, the District Court ordered Plaintiff to either move for clerk's entry of default *or file a report apprising the Court of the status of the case* within two weeks. Dkt. 7.[2] Plaintiff moved for entry of default the same day, Defendant's communication notwithstanding.

Second, Defendant's counsel failed to confer with his counterpart before filing Defendant's motion to set aside, in violation of Local Rule CV-7(i).

Counsel are reminded of their obligation to comply with all Local Rules and standards of professional conduct throughout this proceeding.

---

[2] Plaintiff mischaracterizes the Court's Order as "directing the Plaintiff to seek the Clerk's Default due to the Defendant's failure to respond." Dkt. 15 at 2.

## IV.   Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Deny Default Judgment and Set Aside Entry of Default (Dkt. 14) and **DENY** Plaintiff's Motion for Default Judgment (Dkt. 11) as moot.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 12, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE